**SIGNED THIS: October 19, 2006**

_____
                        **GERALD D. FINES**
            **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| THECLA MARIE BEDNAR, | ) Bankruptcy Case No. 05-95419 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on an Objection to Amended Proof of Claim #2, filed by the Debtor, and an Answer to Debtor's Objection, filed by Creditor, First National Bank of Ottawa; the Court, having heard arguments of counsel, reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On July 3, 2006, Creditor, First National Bank of Ottawa, filed an Amended Proof of Claim #2, as a secured claim in the amount of $51,421.52. This claim was secured by Debtor's residential real estate. On July 17, 2006, the Debtor filed the instant Objection to Amended Proof of Claim #2, setting forth, as a basis for the objection, that the Amended Proof of Claim #2 does not set forth the amount of arrearage owed to the Creditor as of the date of the Debtor's filing for

relief under Chapter 13, and, additionally, that the Creditor was bound by the confirmation of Debtor's Fourth Amended Chapter 13 Plan on June 27, 2006.

In reviewing the Answer to Debtor's Objection filed by the First National Bank of Ottawa and the written Memorandum of Law in support of said Answer, the Court agrees with the Bank, that it does, in fact, have a secured claim in the amount of $51,421.52, against the Debtor's residential real estate located at 1609 South Illinois Street, Streator, Illinois. The Court additionally agrees that the Bank's lien against the Debtor's residential real estate will survive the Debtor's Chapter 13 filing absent payment of the secured claim in full, plus interest. Thus, the only issue concerns how the Bank's secured claim will be paid.

The Debtor's Fourth Amended Chapter 13 Plan, which was confirmed without objection by Order dated June 27, 2006, indicates that the Debtor, through the Trustee, intends to pay the Bank the sum of $17,907.04, as arrearages on the first and second mortgages owing to the First National Bank of Ottawa. The Debtor's confirmed plan also indicates that the Debtor will directly pay to the First National Bank of Ottawa the sum of $407 monthly on the second mortgage, with no direct payments being made as to the first mortgage. As indicated above, this plan was confirmed without objection, and the Debtor seeks clarification from the First National Bank of Ottawa as to the actual amount of pre-petition arrearages being claimed as to the first and second mortgages held by the Bank.

While the Court finds that the amount of the secured claim represented by Amended Proof of Claim #2 is valid and should not be denied, it is apparent that confusion exists between the Debtor and the Bank as to what portion of that secured claim is represented by pre-petition arrearages and what portion of that claim is represented by post-petition payments which are scheduled to be made directly to the Bank by Debtor. As such, the Court finds that the Debtor's Objection to Amended Proof of Claim #2 should be allowed to the extent that the First National Bank of Ottawa should be directed to file an amended proof of claim providing a break-down of

its entire secured claim showing the amount representing pre-petition arrearages and the amount representing post-petition payments as they come due.

###